951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Myron B. IGTANLOC, Defendant-Appellant.
 No. 90-30256.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 16, 1991.
 
 Before WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Myron Igtanloc was found guilty by a jury of willfully filing a false income tax return, in violation of 26 U.S.C. § 7206(1). Igtanloc failed to report a substantial house remodeling that he received free of charge as a result of his position in the government of the North Slope Borough of Alaska (NSB). He challenges the admission of certain testimony at trial under Fed.R.Evid. 404(b), claiming that it constituted "other acts" evidence introduced solely to prove his criminal disposition. The district court's rulings are reviewed for abuse of discretion. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987).
 
 
 3
 The district court did not abuse its discretion, because evidence of Igtanloc's position and influence in the NSB, and his relationship with Gittins, was properly admitted as bearing on whether work on his house was either a gift, a loan, or taxable income. See United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991). Tom Gittins's testimony, which indicated that Igtanloc made extraordinary demands backed up by threats of economic harm, shows the relationship between Igtanloc's position in the NSB and how contractors secured work in the Borough. It also tends to establish that Igtanloc used his position of influence to pressure Gittins into charging below cost for the remodeling of his home, and in turn, that the benefit Igtanloc received from that work was taxable income. Similarly, testimony by John Lewis that Igtanloc caused his demotion within the NSB tends to prove that Igtanloc held a position of influence within the NSB. Gittins's testimony that Igtanloc doubled the amount of siding necessary for the house remodeling project shows that the remodeling constituted reportable income, and was not a loan. Finally, Gittins's testimony about a microwave oven incident was proper rebuttal to evidence adduced by Igtanloc that suggested Gittins had been stealing from the Igtanloc construction site himself. Even if erroneously admitted, it is of such trivial prejudicial impact to Igtanloc's case that its admission is clearly harmless error. United States v. Soulard, 730 F.2d 1292, 1296 (9th Cir.1984). The other arguments raised by Igtanloc do not warrant reversal.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3